IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD RICHARD MERTZ, | : | CIVIL ACTION |
| | : | NO. 15-6627 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN HARMON, et al., | : | |
| | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                           March 9, 2017

Plaintiff Donald Richard Mertz ("Plaintiff"), an inmate at a Pennsylvania state correctional facility, was stabbed by another inmate on November 17, 2015, resulting in injuries to his head. Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against three prison officials, alleging that they failed to protect him from the assault in violation of Plaintiff's Eighth Amendment rights. After answering the complaint, the defendants deposed Plaintiff and filed a motion for summary judgment on all claims against them. Plaintiff has not responded to the motion.[1] For the

---

[1] Although Plaintiff has not responded to the motion for summary judgment, the Court has an independent obligation to ensure that Defendants have met their burden to show that there is no genuine dispute as to any material fact and that they are

reasons discussed below, the Court will grant Defendants' motion.

## I. FACTUAL BACKGROUND[2]

On or around November 5, 2015, Plaintiff began his incarceration at Northampton County Prison ("the Facility"), where he had stayed during several earlier periods of incarceration. See Mertz Dep. at 6:19-23, May 18, 2016, Def.'s Mot. Summ. J. Ex. B, ECF No. 17. According to Plaintiff, on November 17, 2015, at around 11:15 a.m., fellow inmate Eshaun Martin ("Martin") attacked him. See Compl. 2-3, ECF No. 3. Martin allegedly stabbed Plaintiff in the back of his head and used his fingernails to cut Plaintiff's face. Id. at 3. Plaintiff was taken to Easton Hospital, where he received eight staples in his head. Id.

At his deposition, Plaintiff explained that he and Martin were acquaintances prior to their incarceration. See Mertz Dep. at 19:15-18. A few years ago, Martin and his girlfriend stayed with Plaintiff for about a month, when they did not have anywhere else to stay. See id. at 19:19-25, 20:1-

---

entitled to judgment as a matter of law. See E.D. Pa. R. Civ. P. 7.1(c); Fed. R. Civ. P. 56(e); Watkins v. Leonard, No. 03-0109, 2005 WL 1367409, at *2 (E.D. Pa. June 7, 2005).

[2] The facts are presented in the light most favorable to Plaintiff, the nonmoving party.

22. During one of Plaintiff's prior periods of incarceration, he signed a form requesting not to be housed with Martin. See id. at 19:2-12.

According to Plaintiff, he was placed in administrative segregation upon his arrival at the Facility in early November 2015. Id. at 17:13-19. While in administrative segregation, Plaintiff was permitted to have visitors only in the morning. See id. at 22:8-15. Plaintiff wanted to move out of administrative segregation so that his mother, who was undergoing cancer treatment at the time and could not visit in the morning, would be able to visit him. See id. at 21:15-22, 22:4-17. Plaintiff claims that when he requested to move out of administrative segregation, Defendant John Harmon ("Harmon") told Plaintiff that he could not move unless he signed a form stating that he revoked his prior request not to be housed with Martin. Id. at 34:18-22, 35:13-23. As a result, Plaintiff signed the form permitting him to be housed on the same cell block as Martin. Id.

Plaintiff alleges that about a month prior to his incident with Martin, prison officials caught Martin with a weapon in his cell – a piece of steel that could be used to stab someone. Id. at 36:9-17. Plaintiff claims that this information was in Martin's prison record, id. at 36:18-25, and that if Plaintiff had known about it, he would never have signed

the form agreeing to be housed with Martin, id. at 35:24-25, 36:1-8.

After Plaintiff signed the form agreeing to be housed on the same cell block as Martin, Plaintiff was moved to his new cell, which he occupied alone. Id. at 39:18-25. According to Plaintiff, the assault happened approximately two hours after he was moved. Id. at 40:11-13. Plaintiff claims that the correctional officer assigned to Plaintiff's cell block was not on the cell block during the assault. Id. at 40:16-25. According to Plaintiff, he and Martin were both in the hallway, where they had a brief verbal exchange. Id. at 41:3-6. After Martin said he did not have any problem with Plaintiff, Martin waited until Plaintiff's back was turned, and then stabbed him with a piece of a light bulb. Id. at 41:3-9. Plaintiff claims that the incident was captured on camera, although he is not sure whether the camera was working. Id. at 42:11-15.

**II. PROCEDURAL HISTORY**

Plaintiff filed this action on December 14, 2015, bringing claims under 42 U.S.C. § 1983 against Harmon, Deputy Warden Joseph Kospiah, and Deputy Warden David Penchishen (collectively, "Defendants"). ECF No. 1. The Court granted in forma pauperis status on December 18, 2015. ECF No. 2. Plaintiff's complaint appears to bring an Eighth Amendment claim

based on Defendants' failure to protect him from Martin's attack.  See Compl. at 3.

Defendants answered the complaint on March 2, 2016. ECF No. 11.  Plaintiff moved for the appointment of counsel on March 14, 2016.  ECF No. 12.  The Court held a pretrial status conference on April 18, 2016.  See ECF No. 13.

On April 19, 2016, the Court issued an order (1) granting Defendants leave to depose Plaintiff by June 17, 2016; (2) ordering Defendants to file a motion for summary judgment by July 18, 2016; and (3) scheduling a status conference for August 1, 2016, to determine whether Plaintiff would need any discovery in order to respond to Defendants' motion for summary judgment. ECF No. 16.  The Court also denied Plaintiff's motion for appointment of counsel without prejudice.  Id.

Defendants deposed Plaintiff on May 18, 2016, see ECF No. 18, and subsequently filed a motion for summary judgment on July 11, 2016, ECF No. 17.  The Court held a status conference on August 1, 2016, during which the Court reviewed with Plaintiff the materials Defendants produced and found that Defendants had given Plaintiff sufficient discovery.  See ECF No. 18.  The Court ordered Plaintiff to respond to any motion for summary judgment by August 31, 2016.  See id.  The Court noted that if Plaintiff did not file a response, the Court would

proceed to consider Defendants' motion for summary judgment on the basis of Defendants' submission alone.  See id.

As of today, Plaintiff has not filed a response to Defendants' motion for summary judgment.  The Court is now ready to rule on the motion.

**III. LEGAL STANDARD**

Summary judgment is awarded under Federal Rule of Civil Procedure 56 when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); Liberty Mut. Ins. Co. v. Sweeney, 689 F.3d 288, 292 (3d Cir. 2012).  "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact."  Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).  A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson, 477 U.S. at 248.

In undertaking this analysis, the Court views all facts in the light most favorable to the non-moving party.  "After making all reasonable inferences in the nonmoving party's

favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party, who must "set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 250.

A document filed pro se is to be "liberally construed" and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). In addition, when considering a motion in a pro se plaintiff's proceedings, a court must "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999). However, on a motion for summary judgment, "a pro se plaintiff is not relieved of his obligation under Rule 56 to point to competent evidence in the record that is capable of refuting a defendant's motion for summary judgment." Ray v. Fed. Ins. Co., No. 05-2507, 2007 WL 1377645, *3 (E.D. Pa. May 10, 2007) (Robreno, J.). "[M]erely because a non-moving party

7

is proceeding pro se does not relieve him of the obligation under Rule 56(e) to produce evidence that raises a genuine issue of material fact." Boykins v. Lucent Techs., Inc., 78 F. Supp. 2d 402, 408 (E.D. Pa. 2000) (Robreno, J.).

**IV. DISCUSSION**

Defendants argue that Plaintiff's Eighth Amendment claim fails as a matter of law because (1) there is no evidence in the record establishing that Plaintiff was at substantial risk of bodily injury or that Defendants were deliberately indifferent to that risk, as required for Plaintiff to prevail on his Eighth Amendment claim; and (2) Defendants are entitled to qualified immunity. See Defs.' Mem. Law Supp. Mot. Summ. J., ECF No. 17 [hereinafter Defs.' Mem.].

For the reasons discussed below, the Court agrees that Plaintiff has failed to establish that Defendants were aware of a substantial risk of serious harm, and therefore Plaintiff cannot establish that Defendants acted with deliberate indifference. As a result, the Court will not reach Defendants' argument that they are entitled to qualified immunity.

"The Eighth Amendment's prohibition against cruel and unusual punishment . . . has been interpreted to impose a duty upon prison officials to take reasonable measures 'to protect prisoners from violence at the hands of other prisoners.'"

8

Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997) (quoting Farmer v. Brennan, 511 U.S. 825, 833-34 (1994)). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834. A prisoner seeking to establish a "failure to protect" claim against a prison official must demonstrate that (1) the prisoner was "incarcerated under conditions posing a substantial risk of serious harm," and (2) the prison official acted with "'deliberate indifference' to inmate health or safety." Id. (quoting Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)).

To survive summary judgment on an Eighth Amendment claim, "a plaintiff is required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Hamilton, 117 F.3d at 746. Here, Defendants argue that (1) Plaintiff cannot prove deliberate indifference because there is no evidence in the record establishing that Defendants were aware of a substantial risk of serious bodily injury to Plaintiff; and (2) Plaintiff cannot establish an affirmative link between Defendants' actions and Martin's attack. See Defs.' Mem. at 6-8. As Defendants are correct that there is no evidence in the record of deliberate indifference, the Court

9

need not reach Defendants' argument that Plaintiff cannot establish causation.

Deliberate indifference requires that "the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001). However, a plaintiff may establish actual knowledge through "inference from circumstantial evidence," such as an inference "that a prison official knew of a substantial risk from the very fact that the risk was obvious." Farmer, 511 U.S. at 842. For example, actual knowledge exists where "a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past," and where "circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus 'must have known' about it." Id. at 842-83 (internal quotation marks omitted). "A pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror." Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985) (quoting Shrader v. White, 761 F.2d 975, 978 (4th Cir. 1985)).

While a plaintiff bringing a failure-to-protect claim must show a substantial risk of serious harm, the plaintiff need

10

not show that prison officials have "advance notification of a substantial risk of assault posed by a particular fellow prisoner." Farmer, 511 U.S. at 849 n.10 (emphasis added).  Nor does a plaintiff need to establish that prison officials were aware of a risk to the plaintiff, in particular.  See Beers-Capitol, 256 F.3d at 131 ("[A] plaintiff could make out a deliberate indifference case by showing that prison officials simply were aware of a general risk to inmates in the plaintiff's situation.").

Prison officials may escape liability for deliberate indifference claims by showing "that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger, or that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent."  Farmer, 511 U.S. at 844.  Even where prison officials knew of a substantial risk of harm, they "may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted."  Id.

Here, Plaintiff has not provided any evidence of prior assaults at the Facility.  Instead, Plaintiff testified that Defendants were aware of the risk of assault because (1) Martin had a motivation to attack Plaintiff because Martin believed Plaintiff had provided information leading to Martin's

conviction, see Mertz Dep. at 33:2-6; and (2) prison officials found homemade knives in Martin's cell, see id. at 36:3-25. However, neither of these assertions are supported by the record.

First, Plaintiff has not provided any evidence that Defendants were aware of any animus Martin had towards Plaintiff at the time of the assault. During a previous stay at the Facility, Plaintiff signed a form stating that he did not want to be housed with Martin. However, prior to the assault, Plaintiff requested to move out of his protective custody, administrative segregation, and signed another form specifically stating that he agreed to be housed with Martin.[3] See Mertz Dep. at 34:18-22, 35:13-23; see also Defs.' Mot. Ex. F, ECF No. 17. At his deposition, Plaintiff testified that he and Martin had lived together in the past and did not have a history of violence. See Mertz Dep. at 19:13-25, 20:1-16. There is simply no evidence in the record suggesting that Defendants were aware of any risk that Martin would assault Plaintiff.

---

[3] Plaintiff claims that he would not have signed the form if he had known that Martin had a history of making homemade knives. See Mertz Dep. at 35:22-25, 36:1-17. However, the relevant inquiry is whether Defendants were aware of any risk of harm to Plaintiff. Plaintiff's signed statement to prison officials that he agreed to be housed with Martin indicated that he did not have any reason to believe Martin would attack him. Even if prison officials knew that Martin had access to weapons – which is not supported by the record in this case, as discussed below – that would not itself indicate that Martin was a threat to Plaintiff, in particular.

Second, Plaintiff's assertions that Martin had a history of violence and was previously found possessing weapons are directly contradicted by evidence Defendants submitted in support of their motion for summary judgment.  Defendants have submitted internal prison reports showing that Martin's first recorded incident of possession of a weapon was on December 14, 2015, almost a month after the incident at issue.  See Defs.' Mot. Exs. G, H, ECF No. 17.  Prison officials' later discovery of weapons in Martin's possession does not establish that Defendants knew of the risk of an attack prior to the attack itself, as required to establish deliberate indifference for purposes of a failure-to-protect claim.  See Beers-Capitol, 256 F.3d at 137 ("[A] successful deliberate indifference claim requires showing that the defendant knew of the risk to the plaintiff before the plaintiff's injury occurred." (emphasis added)).  Further, even if Martin had been found with weapons prior to the incident, that would not be sufficient, on its own, to establish a substantial risk of injury to Plaintiff.  See Bistrian v. Levi, 696 F.3d 352, 371 (3d Cir. 2012) (holding that the plaintiff's allegations of the "speculative risk" that "an inmate with a history of violence might attack another inmate for an unknown reason" were insufficient to state a failure-to-protect claim).

13

As Plaintiff himself agreed to be housed with Martin, there is no evidence in the record from which Defendants could have inferred that Plaintiff was at risk of harm from Martin. Nor has Plaintiff provided any evidence contradicting the documents Defendants submitted regarding Martin's disciplinary record.  Although Plaintiff is proceeding pro se, that does not eliminate his obligation to comply with Rule 56.  See Boykins, 78 F. Supp. 2d at 408.  As the non-moving party, Plaintiff "must point to some evidence in the record that creates a genuine issue of material fact." Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006).  He cannot avoid summary judgment with speculation, see Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999), and he "cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument," Berckeley Inv. Grp., 455 F.2d at 201.

Here, Plaintiff has provided no evidence that Defendants were aware of, let alone deliberately indifferent to, a substantial risk of serious harm to him.  As deliberate indifference is an essential element of Plaintiff's Eighth Amendment claim, Defendants have met their burden to show that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law.

14

**V.    CONCLUSION**

For the reasons stated above, the Court will grant Defendants' motion for summary judgment.

An appropriate order follows.